UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SULLIVAN, WARD, ASHER & PATTON, P.C.**
25800 Northwestern Hwy., Suite 1000
Southfield, Michigan 48075
Telephone:  248.746.0700
Facsimile:   248.746.2760
**Attorneys of Record for Plaintiff**
David J. Selwocki  (DS1018)
_____/

TRUSTEES OF THE SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
VACATION FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL WORKERS
NATIONAL PENSION FUND, SHEET METAL WORKERS
LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST
FUNDS established and administered pursuant to federal law,

      Plaintiffs,                                                          Case No.: 09-cv-5088
                                                                                    Hon. Kenneth M. Karas
vs.

LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD, JR.,
and RICHARD J. HOPWOOD, Individually,

      Defendants.
_____/

## FIRST AMENDED COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their First Amended Complaint against Defendants, LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD, state as follows:

    1.    Plaintiffs are the Trustees of the SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 VACATION FUND, SHEET METAL WORKERS

INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 ANNUITY FUND, SHEET METAL NATIONAL PENSION FUND; SHEET METAL CONTRACTORS INDUSTRY FUND; SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS ("FUNDS"), which have administrative offices in the City of Brewster, New York.

2. RICHARDS CONDITIONING CORP. is a New York Corporation that has a place of business and conducts business in the State of New York (hereinafter "RICHARDS"). RICHARDS filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on April 6, 2009 (Case No. 09-22525).

3. Defendants LAWRENCE P. HOPWOOD (hereinafter "LAWRENCE HOPWOOD"), MARTIN M. HOPWOOD, JR. (hereinafter "MARTIN HOPWOOD") and RICHARD J. HOPWOOD (hereinafter "RICHARD HOPWOOD") are individuals who are the principal owners/officers of RICHARDS. The Defendants are responsible for running the day-to-day operations of RICHARDS and are responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Defendants are employers or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Defendants are an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. Defendants Martin M. Hopwood, Jr. and Richard J. Hopwood personally guaranteed the employee benefit contributions alleged due herein, through their signing of a personal guarantee for the repayment of due and owing employee benefit contributions.

6. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

7. At all times relevant hereto, RICHARDS was signatory to a Collective Bargaining Agreement with the Union.

8. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

9. Pursuant to the terms and provisions of the Collective Bargaining Agreement between RICHARDS and the Union, RICHARDS agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by RICHARDS, and covered by the Agreement.

10. Pursuant to the provisions of the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

13. That notwithstanding its contractual obligations, Richards failed and refused to pay its obligations and has thus violated the Collective Bargaining Agreement.

3

14. That the Defendants herein had the ability to, and did in fact, make decisions to utilize Plan assets for purposes other than the payment to the FUNDS for the benefit of the participants of the FUNDS.

15. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer.

## COUNT I – Breach of 29 USC §1145 by Defendants

16. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 15 above as though fully set forth herein.

17. 29 USC §1145 requires every employer to make contributions to the FUNDS as obligated to do so based on the underlying Collective Bargaining Agreement.

18. ERISA defines employers as any "person" acting directly as an employer or individually in the interest of an employer.

19. ERISA defines "person" to include an individual.

20. The named Defendants were employers and/or persons acting directly or indirectly in the interest of an employer.

21. The individual Defendants made decisions and/or determinations to use finances and assets of RICHARDS for purposes other than for the payment of due and owing employee benefit contributions to the FUNDS.

22. The individual Defendants made decisions and/or determinations, to not pay its employees their benefit contributions.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

    A.    Enter a Judgment in favor of Plaintiff FUNDS against Defendants LAWRENCE HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other

4

collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

B. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

C. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties

23. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 22 above as though fully set forth herein.

24. LAWRENCE HOPWOOD, MARTIN HOPWOOD and RICHARD HOPWOOD are fiduciaries with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of assets of the Plans.

25. That LAWRENCE HOPWOOD, MARTIN HOPWOOD and RICHARD HOPWOOD made decisions to utilize Plan assets to purposes other than for the benefit of the beneficiaries of the FUNDS.

26. By engaging in the acts and omissions described, LAWRENCE HOPWOOD, MARTIN HOPWOOD and RICHARD HOPWOOD have breached their fiduciary duty regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

27. LAWRENCE HOPWOOD, MARTIN HOPWOOD and RICHARD HOPWOOD are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Enter a Judgment in favor of Plaintiff FUNDS against Defendants LAWRENCE HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

B.  Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

C.  Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT III – Breach of Payment Agreement

28.  Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.  RICHARDS and Defendants entered into a Payment Agreement on or about March 3, 2009, to pay due and owing employee benefit contributions to the FUNDS.

30.  The Payment Agreement was in the amount of $101,298.44 and covered delinquent fringe benefit contributions and liquidated damages for November 2008 through January 2009.

31.  MARTIN HOPWOOD and RICHARD HOPWOOD personally guaranteed the Payment Agreement.

32.  The first payment under the Payment Agreement was due on March 6, 2009. As of this date, RICHARDS and Defendants have has failed to make any payments under the Agreement.

33.  Pursuant to the terms of the Payment Agreement, when said Payment Agreement is breached the entire balance becomes due.

34.  Therefore, based on the Defendants' default of the Payment Agreement, the amount due on the Agreement is $101,298.44, and Defendants MARTIN HOPWOOD and RICHARD HOPWOOD are personally responsible for same.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

A.  Enter a Judgment in favor of Plaintiff FUNDS against Defendants LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

B.  Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

C.  Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT IV – Liability of Defendants Based on Piercing the Corporate Veil

35. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 34 above as though fully set forth herein.

36. That RICHARDS is a corporate entity that has been utilized by the Individual Defendants, MARTIN HOPWOOD, LAWRENCE HOPWOOD and RICHARD HOPWOOD, to breach the CBA between RICHARDS and Local 38 and to further avoid obligations required by same.

37. Defendants exercised domination over the corporate form in a concerted effort to avoid obligations to Plaintiffs. Defendants' control of the corporate form was done to commit a fraud against Plaintiff Funds. Defendants' control also was a breach of their fiduciary duty.

38. Defendants' disregarded and failed to observe any corporate formalities such that the corporate form was merely Defendants' instrumentality to commit a wrong against Plaintiffs.

39. Defendants intermingled personal funds with the corporate form.

40. Defendants' domination of the corporate form proximately caused damages to Plaintiffs.

41. Defendants are individuals each liable as the owner/officer/member of RICHARDS based on his utilization of said corporate form to effectuate the fraud on Plaintiff FUNDS regarding payment of fringe benefit contributions as set forth in the paragraphs above.

42. The fictional shield of RICHARDS should be pierced and these Defendants should be held liable for the unpaid contributions based on their use of the corporate entities to avoid payment of employees benefits owed to the Funds.

7

43. The fictional shield of RICHARDS should be pierced because it is merely an alter-ego of the Defendants.

44. A great injustice will be visited upon the Funds if the fictional corporate shield is permitted to be utilized to protect Defendants from their improper conduct.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

A. Enter a Judgment in favor of Plaintiff FUNDS against Defendants LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

B. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

C. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD, ASHER, & PATTON, P.C.**

By: _____
DAVID J. SELWOCKI DS1018
Attorney for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield MI  48075
(248) 746-0700

Dated:     July 29, 2010

W0763278/S23-117811

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2010, my assistant, Tonya Green, filed the foregoing document with the Clerk of the Court via U.S. mail.

I further state that the foregoing documents were served via U.S. mail to:

John J. Hopwood, Esq.,
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
530 Saw Mill River Road
Elmsford, NY  10523

James M. Skelly, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
503 Saw Mill River Road
Elmsford, NY  10523

Lawrence P. Hopwood
47 Sturgis Road
Bronxville, NY  10708

By: _____
DAVID J. SELWOCKI  DS1018
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield MI  48075
(248) 746-0700

W0900848