# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

TRUSTEES OF SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION-LOCAL NO. 38,
VACATION FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET
METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 PROFIT SHARING
PLAN, SHEET METAL WORKERS LOCAL 38
LABOR MANAGEMENT COMMITTEE AND
TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL
WORKERS NATIONAL PENSION FUND, SHEET
METAL WORKERS LOCAL 38 CRAFT TRAINING
BUILDING FUND, TRUST FUNDS established and
administered pursuant to federal law,

                     Plaintiffs,

     -against-

~~LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD,~~
and RICHARD J. HOPWOOD, individually,

                     Defendants.

-------------------------------------------------------------- X

**DEFENDANTS' RESPONSES TO
PLAINTIFFS'
INTERROGATORIES AND
REQUEST FOR PRODUCTION
OF DOCUMENTS**

Docket No.: 09-cv-5088(KK)

Assigned to:
Hon. Kenneth M. Karas

### DEFENDANT MARTIN M. HOPWOOD AND DEFENDANT RICHARD J. HOPWOOD'S ANSWERS TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Martin M. Hopwood and Richard J. Hopwood, through their attorneys, Marks, O'Neill, O'Brien & Courtney, as and for their answers to the plaintiffs' interrogatories and request for production of documents, responds as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1.     Defendants object to the interrogatories in as much as they are vague and not specific, not appropriately limited in time and scope, unreasonably broad and burdensome,

## INTERROGATORY NO. 2:

Please name each and every person that the Defendant is aware of who may have knowledge of any of the allegations set forth in the Complaint and/or the basis for any response in the Answer and Affirmative Defenses filed.

## RESPONSE:

Defendants object to this demand as it is an improper inquiry and that it attempts to extend obligations of the Defendants' beyond what is required under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court, Southern District. Further, the Defendants object to this demand as it is unclear, confusing, overly broad, unduly burdensome, harassing and vague.

Without waiving any objection referenced herein, the answering defendants state that the parties to this litigation have knowledge of the allegations set forth in the Complaint and/or the basis of the answering defendants' Answer and Affirmative Defenses. Further, any agents, servants and employees of the Plaintiffs and of Richards Conditioning Corp. may have knowledge of the allegations set forth in the Complaint and/or the basis the answering defendants' Answer and Affirmative Defenses.

## INTERROGATORY NO. 3:

Please provide a history of the Defendants involvement with Richards Conditioning Corp. by providing the following information for each time period of involvement as set forth below:

        a.     Time periods involved;

        b.     Ownership interest for each time period;

        c.     Job title with Richards Conditioning for each period set forth above;

        d.     Duties and Responsibilities for each period.

## RESPONSE:

Defendants object to this demand as it is an improper inquiry and that it attempts to extend obligations of the Defendants' beyond what is required under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court, Southern District. Further, the Defendants object to this demand as it is unclear, confusing, overly broad, unduly burdensome, harassing and vague.

As stated herein, the Plaintiffs have failed to name Richards Conditioning Corp. as a party to this litigation and the answering defendants object to any demand that seeks information from a party that is not a party to this litigation. In addition, upon information and belief, the Plaintiffs have obtained most, if not all, of the information sought in this demand through the bankruptcy proceedings involving Richards Conditioning. Therefore, reference is made to any and all filings made by Richards Conditioning in the bankruptcy proceeding as it pertains to the information sought by the Plaintiffs in this demand.

Without waiving any objections stated herein, defendant Martin M. Hopwood joined Richards in 1992. Defendant Richard J. Hopwood joined L&M Distributors, a subsidiary of Richards in approximately 1977; and joined Richards in 2006 as a Vice President. From 1992 until approximately February 26, 2009, Martin M. Hopwood was the CFO of Richards. From approximately February 26, 2009, to the present Martin M. Hopwood has been the Senior Vice President and CEO of Richards. From approximately 2006 to February 26, 2009, Richard J. Hopwood was a Vice President of Richards and from approximately February 26, 2009, to the present he has been a Senior Vice President and Chief Operating Officer of the Company.

The duties and responsibilities of each answering defendant are set forth in the annexed spreadsheet.

## INTERROGATORY NO. 4:

For the period of October 10, 2008, to the present, please indicate the name of each and every individual who has discretionary authority over the Richards Conditioning Corp.'s assets, including the names of all individuals who make decisions regarding the payment of corporate bills.

**RESPONSE:**

Defendants object to this demand as it is an improper inquiry and that it attempts to extend obligations of the Defendants' beyond what is required under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court, Southern District. Further, the Defendants object to this demand as it is unclear, confusing, overly broad, unduly burdensome, harassing and vague.

As stated herein, the Plaintiffs have failed to name Richards Conditioning Corp. as a party to this litigation and the answering defendants object to any demand that seeks information from a party that is not a party to this litigation. In addition, upon information and belief, the Plaintiffs have obtained most, if not all, of the information sought in this demand through the bankruptcy proceedings involving Richards Conditioning. Therefore, reference is made to any and all filings made by Richards Conditioning in the bankruptcy proceeding as it pertains to the information sought by the Plaintiffs in this demand.

Without waiving any objections stated herein, defendants Martin Hopwood, Richard Hopwood Lawrence Hopwood made decisions regarding the payment of corporate bills on behalf of Richards Conditioning Corp.

**INTERROGATORY NO. 5:**

Please indicate if the Defendant has an ownership interest in Richards Conditioning Corp.

documents cited above have already been filed, or will be filed in the bankruptcy proceeding and therefore a matter of public record.  The answering Defendants also make reference to any documents and/or discovery responses provided by the other Defendant in this action.

Defendants Martin M. Hopwood and Richard J. Hopwood reserve their right to supplement, modify or amend the discovery disclosures made herein based upon the receipt of any additional information obtained by the answering Defendants, any additional information obtained as a result of the Richards Conditioning bankruptcy proceeding and based upon their continued investigation of the claims asserted by the Plaintiffs.

Dated: Elmsford, New York
December 8, 2009

By:
JOHN J. HOPWOOD (JH4444)

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Defendants
**Martin M. Hopwood and Richard J. Hopwood**
530 Saw Mill River Road
Elmsford, New York  10523
(914) 345-3701
File No.: 800.76035

**TO:**

David J. Selwocki (DS1018)
**Sullivan, Ward, Asher & Patton, P.C.**
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield, MI  48075
(248) 746-0700

Kimberly A. Sanford, Esq. (KE1025)
**Harriton & Furrer, LLP & FURRER, LLP**
Attorneys for Defendant
**Lawrence P. Hopwood**
84 Business Park Drive, Suite 302
Armonk, New York  10504
(914) 730-3400

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK              )
                               : ss:
COUNTY OF WESTCHESTER          )


     MARTIN M. HOPWOOD, JR., being duly sworn, deposes and says:

     That I was named as a defendant in the action herein; that I have read the annexed **DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS**, and know the contents thereof and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters not stated upon knowledge, are based upon the files maintained by counsel.

_____
Martin M. Hopwood, Jr.

Sworn to before me the
9th. day of December, 2009.

LISBET ACUNA
Notary Public, State of New York
No. 01AC6057526
Qualified in Westchester County
Commission Expires April 16, 20___

_____
NOTARY PUBLIC

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK       )
                               : ss:

COUNTY OF WESTCHESTER     )

       RICHARD J. HOPWOOD, being duly sworn, deposes and says:

       That I was named as a defendant in the action herein; that I have read the annexed **DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS**, and know the contents thereof and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters not stated upon knowledge, are based upon the files maintained by counsel.

                                     Richard J. Hopwood

Sworn to before me the
9th day of December, 2009.

LISBET ACUNA
Notary Public, State of New York
No. 01AC6057526
Qualified in Westchester County
Commission Expires April 16, 20___

NOTARY PUBLIC

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                                  : ss:

COUNTY OF WESTCHESTER    )

REGINA A. TISELLANO, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Mount Kisco, New York.

On the 23rd day of December, 2009, deponent served the within **DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**, upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:

KIMBERLY A., SANFORD, ESQ. (KE1025)
**HARRITON & FURRER, LLP**
Attorneys for Defendant
LAWRENCE HOPWOOD
84 Business Park Drive, Suite 302
Armonk, New York 10504
(914) 730-3400

DAVID J. SELWOCKI, ESQ. (DS1018)
**SULLIVAN, WARD, ASHER & PATTON, P.C.**
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
(248) 746-0700

                                          REGINA A. TISELLANO

Sworn to before me on this
23rd day of December, 2009.

NOTARY PUBLIC

DONNA M. SANTANIELLO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN PUTNAM COUNTY
MY COMMISSION EXP. JULY 27, 2013
01SA4896839

| | FUNCTION | MMH | RJH | LPH |
|---|---|---|---|---|
| A. | **BID PREPARATION & SUBMISSION** | | | |
| 1. | RCC Bid Form Preparation | | X | |
| 2. | Vendor Pricing | | X | |
| 3. | Auto Temperature Controls | | X | |
| 4. | Takeoffs | | X | |
| 5. | Specification Review | X | | |
| 6. | Bid / Job Duration / Schedule | | X | |
| 7. | RCC Exclusion List Review | | X | |
| 8. | Bid Walk Through | | X | |
| | | | | |

| | SERVICE MANAGEMENT | MMH | RJH | LPH |
|---|---|---|---|---|
| B. | | | | |
| 1. | General Service Proposals | X | | |
| 2. | Service Contract Cost Analysis | X | | |
| 3. | Daily Scheduling | X | | |
| 4. | Site Monitoring | X | | |
| 5. | Night / Weekend / On Call | X | | |
| 6. | Sales | X | | |
| 7. | Collections | X | | |
| | | | | |

| C. | FIELD MANPOWER | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Jobsite Manpower Status | X | X | |
| 2. | Hiring & Layoffs | X | X | |
| 3. | Field Labor Allocation | X | X | |
| 4. | Field Change Orders | X | X | |
| 5. | Punch List | X | X | |
| 6. | Compliance | X | X | |
| 7. | Delivery Scheduling | X | X | |
| | | | | |
| | | | | |

| D. | SHEET METAL | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Sheet Metal Stock | X | X | |
| 2. | Shop Manpower | X | X | |
| 3. | Job Fabrication Scheduling | X | X | |
| 4. | Delivery Scheduling | X | X | |
| 5. | Equipment/Repairs/Maintenance | X | X | |
| 6. | Field Manpower Allocation | X | X | |
| 7. | Hiring Layoffs | X | X | |
| | | | | |
| | | | | |

| E. | HUMAN RESOURCES | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Oversee Employees for all RCC Divisions | X | | |
| 2. | Negotiate with Unions & oversee Union Labor | X | | |
| | | | | |
| | | | | |
| | | | | |

| F. | FINANCE DIVISION | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Review RCC Contracts for Jobs & Subcontractors. | X | | |
| 2. | Coordinate and oversee all RCC Litigation. | X | | |
| 3. | Review all Leases, Insurance Contracts, Purchase & Sale Agreements, & Miscellaneous Contracts | X | | |
| 4. | Review Legal matters regarding Corporate structure, tax Estate & succession planning of RCC & Hopwood Family members. | X | X | |
| 5. | Establish & oversee Job safety & insurance due diligence responsibilities. | X | | |
| 6. | Review & manage Claims related to Workers Compensation. | | X | |

| | | | | |
|---|---|---|---|---|
| | | | | |

| G. | FINANCE DIVISION TREASURY | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Handle all accounts payable and accounts receivable, write checks, make deposits, handle all banking relationships with regard to checking and deposits. | X | | |
| 2. | Manage payroll function, track employees work hours and work schedule for all employees. | X | | |
| | | | | |
| | | | | |
| | | | | |

| H. | INFORMATION TECHNOLOGY | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Evaluate and determine RCC technology requirements and make technology purchases in accordance with corporate requirements. | X | | |
| 2. | Coordinate and manage IT maintenance for hardware and software. | X | | |
| | | | | |
| | | | | |

| I. | MARKETING & COMMUNICTIONS | MMH | RJH | LPH |
|---|---|---|---|---|
| 1. | Establish relationships with prospective providers corporate business on behalf of RCC. | X | X | |
| 2. | Maintain existing priority relationships with RCC customers and general contractors. | X | X | |
| | | | | |
| | | | | |