# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TRUSTEES OF SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION-LOCAL NO. 38,
VACATION FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET
METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 PROFIT SHARING
PLAN, SHEET METAL WORKERS LOCAL 38
LABOR MANAGEMENT COMMITTEE AND
TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL
WORKERS NATIONAL PENSION FUND, SHEET
METAL WORKERS LOCAL 38 CRAFT TRAINING
BUILDING FUND, TRUST FUNDS established and
administered pursuant to federal law,

**ANSWER TO**
**AMENDED COMPLAINT**

Docket No.: 09-cv-5088(KK)

Assigned to:
Hon. Kenneth M. Karas

                    Plaintiffs,

        -against-

LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD,
and RICHARD J. HOPWOOD, individually,

                    Defendants.
------------------------------------------------------------------ X

The defendants, **MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD**, by their attorneys, **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, answering the first amended complaint of the plaintiffs herein, respectfully allege upon information and belief:

1.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

{NY093483.1}

**"1", "8" and "10".**

2. Admit each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"2".**

3. Denies each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"5", "7", "9", "12", "13", "14"**

and respectfully refers all questions of law raised therein to the trial court.

4. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"3", "4", "6", "11" and "15"**

and respectfully refers all questions of law raised therein to the trial court.

## COUNT I - BREACH OF 29 USC §1145 BY DEFENDANTS

5. In response to paragraph "16" of plaintiffs' complaint, defendants repeat, reiterate and reallege each and every response to paragraphs "1" through "15" of the amended complaint heretofore made with the same force and effect as if fully set forth at length herein.

6. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"17", "18", "19", "20", "21" AND "22"**

and respectfully refers all questions of law raised therein to the trial court.

## COUNT II - BREACH OF FIDUCIARY DUTIES

7. In response to paragraph **"23"** of plaintiffs' complaint, defendants repeat, reiterate and reallege each and every response to paragraphs **"1"** through **"22"** of the amended complaint heretofore made with the same force and effect as if fully set forth at length herein.

8. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"24"**

and respectfully refers all questions of law raised therein to the trial court.

9. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"25".**

10. Denies each and every allegation contained in the paragraphs of the amended complaint designated as follows:

**"26" and "27".**

and respectfully refers all questions of law raised therein to the trial court.

## COUNT III - BREACH OF PAYMENT AGREEMENT

11. In response to paragraph "28" of plaintiffs' complaint, defendants repeat, reiterate and reallege each and every response to paragraphs "1" through "27" of the first amended complaint heretofore made with the same force and effect as if fully set forth at length herein.

12. Denies each and every allegation contained in the paragraph of the amended complaint designated as follows:

"32" and "34".

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the amended complaint designated as follows:

"29", "30", "31" and "33"

and respectfully refers all questions of law raised therein to the trial court.

## COUNT IV - Liability of Defendants Based on Piercing the Corporate Veil

14. In response to paragraph "35" of plaintiffs' complaint, defendants repeat, reiterate and reallege each and every response to paragraphs "1" through "34" of the amended complaint heretofore made with the same force and effect as if fully set forth at length herein.

15. Denies each and every allegation contained in the paragraphs of the amended complaint designated as follows:

"36", "37", "38", "39", "40", "41", "42", "43" and "44"

and respectfully refers all questions of law raised therein to the trial court.

## AS AND FOR A FIRST SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE:

16. This Court has no jurisdiction over the persons of the defendants Martin M. Hopwood, Jr. and Richard J. Hopwood and such defect has not been waived by defendants and is preserved.

## AS AND FOR A SECOND SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE:

17. That a petition in bankruptcy has been filed by Richards Conditioning Corp. in the Federal Court for the Southern District of New York which petition provides for an automatic stay pursuant to 11 USCS 362. As such, this action should be stayed as to all defendants in this matter. In addition, all claims (specifically, but not limited to the claims for breach of fiduciary duties, piercing the corporate veil and alter ego actions) brought by the plaintiffs against the defendants in this matter should be determined by the Bankruptcy Court and not this Court. Upon further information and belief, all claims made by the Plaintiffs are and/or will be discharged as a result of such bankruptcy proceeding.

## AS AND FOR A THIRD SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE:

18. That any judgment, costs, interest, fees, disbursements, penalties and payments alleged and sought by the plaintiff are the responsibility of Richards Conditioning Corp. and the plaintiffs are only entitled to reimbursement from defendants Martin M. Hopwood, Jr. and Richard J. Hopwood if can be established as a matter of law that Richards Conditioning Corp. cannot pay any potential judgment, costs, interest, fees, disbursements, penalties and payments.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

19. Accord and Satisfaction.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

20. That the plaintiffs failed to mitigate its damages.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

21. That the relief requested against the Defendants is barred by the Doctrine of Estoppel.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

22. That the relief requested against the Defendants is barred based on the grounds of Statute of Frauds.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

23. That plaintiffs' complaint fails to state a cognizable Cause of Action.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

24. Payment and set-off. Upon information and belief, numerous payments have been made by Richards to the plaintiffs and those payments should set-off any alleged amounts owed in the purported personal guaranties cited to in the plaintiffs' complaint.

### AS AND FOR A TENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

25. That the defendants and/or Richards did not sign a Collective Bargaining Agreement pertaining to the allegations and time periods stated in the plaintiffs' complaint. As such, the plaintiffs' have no standing to bring this action against the defendants.

### AS AND FOR A ELEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

26. That the relief requested against the defendants is barred by the plaintiffs' assumption of the risks inherent in all construction related transactions.

### AS AND FOR A TWELFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

27. That the damages allegedly sustained by the plaintiffs were caused, in whole or in part, by the culpable conduct or negligent acts of the plaintiffs.

### AS AND FOR A THIRTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

28. That the damages sought by the plaintiffs are predicated upon inaccurate and invalid invoices/accounting.

### AS AND FOR A FOURTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

29. That the relief requested against the defendants is barred by the applicable statute of limitations and/or limitations period.

### AS AND FOR A FIFTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

30. That the relief requested against the defendants is barred by statute and judicial opinion.

**AS AND FOR A SIXTEENTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

31.    That the plaintiffs are in open and continuing breach of its Contract/Agreement obligations and the relief requested against the defendants is barred by the plaintiffs' unclean hands.

**AS AND FOR A SEVENTEENTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

32.    That the plaintiffs have not performed its obligations and/or conditions precedent under the contract/agreement between the parties.

**AS AND FOR A EIGHTEENTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

33.    That the purported personal guaranties cited by the plaintiffs are voidable by reason of mistake. The purported personal guaranties are not valid since the plaintiffs' have failed to provide a signed collective bargaining between the parties and/or Richards.

**AS AND FOR A NINETEENTH-FIRST SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

35.    The causes of action against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood in Plaintiffs' Complaint do not state a cause of action against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood upon which relief may be granted nor does the Complaint as a whole state such a cause of action.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

36. Plaintiffs' claims as against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood are barred by terms and conditions of contractual agreements, if any, that exist between them.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

37. Plaintiffs' claims as against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood are barred as the contractual agreements, if any, that exist between the parties are invalid and unenforceable.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

38. Plaintiffs' claims as against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood are barred as the plaintiffs have failed to perform pursuant to the terms and conditions of the contractual agreements, if any, that exist between them and are in breach of contract.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

39. Plaintiffs lack the legal standing to commence and/or maintain this action as against defendants Martin M. Hopwood, Jr. and Richard J. Hopwood.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

40.  The alleged acts and/or omissions on the part of defendants Martin M. Hopwood, Jr. and Richard J. Hopwood, if any, were not the proximate cause of the plaintiffs' alleged damages but were caused by the acts and/or omissions of the plaintiffs themselves as well as other third parties.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

41.  To the extent, if any, that plaintiffs' alleged damages were proximately caused, in whole or in part by the culpable conduct of defendants Martin M. Hopwood, Jr. and Richard J. Hopwood said Plaintiffs have failed to exercise reasonable measures to mitigate its damages.

### AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

42.  To the extent, if any, that plaintiffs have sustained damages, such damages might have been, and were not, avoided by the plaintiffs by reasonable effort without undue risk, expense or humiliation.

### AS AND FOR A TWENTY-SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

43.  The Plaintiffs' claims are barred because Plaintiffs failed to include all necessary and indispensable parties in this lawsuit.

## AS AND FOR A TWENTY-EIGHTH-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

45. That the personal guaranties cited by the plaintiffs are invalid and unenforceable under the General Obligations law of New York State.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST LAWRENCE P. HOPWOOD

46. If the plaintiffs sustained the alleged damages in the manner averred in their Verified Amended Complaint, then such damages were caused in whole or in part by the culpable conduct, breach of contract, breach of warranty, breach of fiduciary duty, carelessness, recklessness, negligence, strict liability, statutory liability, waste, mismanagement and/or other acts and/or omissions of defendant LAWRENCE P. HOPWOOD.

47. By reason of the foregoing, defendants MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD are or will be entitled to have judgment over and against defendant LAWRENCE P. HOPWOOD, of any and all damages the plaintiffs may be awarded against defendants MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD, and such damages should be paid solely by defendant LAWRENCE P. HOPWOOD or an apportionment thereof pursuant to Article 14 for said defendants' relative proportionate share of any verdict and/or judgment which might be awarded to the Plaintiffs together with interest, costs and expenses including reasonable attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST LAWRENCE P. HOPWOOD

48. If the Plaintiffs are found to have been damaged as alleged in the Verified Complaint and if said Plaintiffs obtain a judgment for all or a portion of this amount against defendants MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD, then MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD will have become liable to the plaintiffs solely

because of the culpable conduct, breach of contract, breach of warranty, breach of fiduciary duty, carelessness, recklessness, negligence, strict liability, statutory liability, waste, mismanagement and/or other acts and/or omissions on the part of defendant LAWRENCE P. HOPWOOD and **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** should have judgment over and against defendant LAWRENCE P. HOPWOOD.

49. If defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** are called to pay all or a portion of the damages alleged in the Verified Complaint, Defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** should be indemnified by defendant LAWRENCE P. HOPWOOD and recover the same in full from defendant LAWRENCE P. HOPWOOD, together with interest, costs and expenses, including reasonable attorneys' fees.

**WHEREFORE**, defendants, **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** demand judgment against the plaintiffs and co-defendant LAWRENCE P. HOPWOOD as follows:

(a) dismissing plaintiffs' Amended Complaint, together with the costs and disbursements of this action; or

(b) in the event any verdict or judgment is recovered by the Plaintiffs herein, that any such verdict and/or judgment be apportioned and/or determined pursuant to Article 14-A of the CPLR and/or the applicable Federal Rules;

(c) that in the event that any verdict or judgment is recovered by the Plaintiffs herein, that any such verdict and/or judgment be apportioned and/or determined and that defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOWOOD** have indemnification and/or apportionment and judgment over and against defendant LAWRENCE P. HOPWOOD herein, together with all the attorneys' fees, costs and disbursements of this action;

(d) in the event that plaintiffs prevails, the defendants, **MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD** demands judgment determining the respective percentages of fault on the part of the plaintiffs, thereby reducing the amount of damages as against the answering defendants, **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** by the respective percentage of fault of the plaintiffs, and

(e) That in the event that a judgment or verdict is recovered against defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** that the ultimate rights of **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** and defendant LAWRENCE P. HOPWOOD should be determined in this action, and that defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** have judgment over and against defendant LAWRENCE P. HOPWOOD for the amount of any verdict or judgment which may be obtained by the plaintiffs against defendants **MARTIN M. HOPWOOD, JR., and RICHARD J. HOPWOOD** together with the attorney's fees, costs and disbursements of this action.

Dated:  Elmsford, New York
        August 25, 2010

By: _____
    John J. Hopwood (JH/4444)

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Defendants
**MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 800.76035

TO:

David J. Selwocki (DS1018)
**SULLIVAN, WARD, ASHER & PATTON, P.C.**
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield, MI 48075
(248) 746-0700

**LAWRENCE P. HOPWOOD**
Pro Se Defendant
47 Sturgis Road
Bronxville, New York 10708

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF WESTCHESTER    )

      MARTIN M. HOPWOOD, JR., being duly sworn, deposes and says:

      That I was named as a defendant in the action herein; that I have read the annexed **ANSWER TO AMENDED COMPLAINT**, and know the contents thereof and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters not stated upon knowledge, are based upon the files maintained by counsel.

                                                                         _____
                                                                         MARTIN M. HOPWOOD, JR.

Sworn to before me the
25th day of August, 2010.

_____
NOTARY PUBLIC

CARMELINA IULIANO
NOTARY PUBLIC, State of New York
No. 01IU4663685
Qualified in Bronx County
Commission Expires February 28, 2011

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK           )
                            :  ss.:
COUNTY OF WESTCHESTER       )

RICHARD J. HOPWOOD, being duly sworn, deposes and says:

That I was named as a defendant in the action herein; that I have read the annexed **ANSWER TO AMENDED COMPLAINT**, and know the contents thereof and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters not stated upon knowledge, are based upon the files maintained by counsel.

_____
RICHARD J. HOPWOOD

Sworn to before me the
25th day of August, 2010.

_____
NOTARY PUBLIC

CARMELINA IULIANO
NOTARY PUBLIC, State of New York
No. 01IU4663685
Qualified in Bronx County
Commission Expires February 28, 2011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 26, 2010, a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT,** was served by Overnight Mail, upon the following:

David J. Selwocki (DS1018)
**SULLIVAN, WARD, ASHER & PATTON, P.C.**
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield, MI 48075
(248) 746-0700

**LAWRENCE P. HOPWOOD**
Pro Se Defendant
47 Sturgis Road
Bronxville, New York 10708

John L. Hopwood (JH/4444)

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Defendants
**MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 800.76035

{NY093483.1}

| Index No. | 09 CV 5088 | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF SHEET METAL WORKERS INTERNATIONAL ASSOCIATION-LOCAL NO. 38, VACATION FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 PROFIT SHARING PLAN, SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS NATIONAL PENSION FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS established and administered pursuant to federal law,

Plaintiffs,

-against-

LAWRENCE P. HOPWOOD, MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD, individually,

Defendants.

---

### ANSWER TO AMENDED COMPLAINT

---

### MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Attorneys for Defendants
MARTIN M. HOPWOOD, JR. and RICHARD J. HOPWOOD
Office and Post Office Address, Telephone
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

---

To                                                            Signature (Rule 130-1.1-a)

                                                              _____
                                                              Print name beneath

Attorney(s) for

---

Service of a copy of the within                              is hereby admitted.

Dated,

                                                              _____
                                                              Attorneys for:

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                         of which the within is a true copy will be presented for
settlement to the HON.                                                   one of the judges
of the within named court, at
on                          at              M

Dated,

Yours, etc.
**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Office and Post Office Address
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701